Carroll HUBBARD, Jr., Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 94–SC–373–KB.

Supreme Court of Kentucky.

June 23, 1994.

Carroll Hubbard, Jr., pro se.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for respondent.

### OPINION AND ORDER

Carroll Hubbard, Jr. has made a motion for an order permitting him to resign from membership in the Kentucky Bar Association and to surrender his license to practice law in this Commonwealth under terms of disbarment.

Movant acknowledges that SCR 3.130–8.3(b) and (c) provide that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects or to engage in conduct involving dishonesty. He further acknowledges that he engaged in unethical and unprofessional conduct in violation of the rules aforesaid. Movant additionally acknowledges that he has entered a plea of guilty to conspiracy to impede and impair the Federal Election Commission, a felony offense in violation of 18 U.S.C. Section 371, to theft of government property, a felony offense in violation of 18 U.S.C. Section 641 and to obstruction of justice, a felony offense in violation of 18 U.S.C. Section 1503. The charges arise from a scheme and conspiracy by Hubbard and others to transfer funds from the Carroll Hubbard for Congress Committee organized in support of movant's candidacy for the United States House of Representatives from the First Congressional District to a committee which was organized to support the candidacy of his wife for election to the United States House of Representatives from the Fifth Congressional District of Kentucky.

Movant's plea of guilty is conclusive proof that he engaged in the criminal conduct alleged in the criminal information filed by the United States Attorney for the District of Columbia. *In Re Carroll,* Ky., 406 S.W.2d 845 (1966).

SCR 3.130–8.3(b) and (c) provide that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects or to engage in conduct involving dishonesty. Movant acknowledges that his admitted criminal conduct is professional misconduct in violation of SCR 3.130–8.3(b) and (c).

Hubbard now seeks to resign his license to practice under terms of disbarment. The Kentucky Bar Association has indicated that the terms of Hubbard's motion to resign his license are acceptable.

Therefore, it is ordered that Hubbard's motion to resign from the Kentucky Bar Association and to surrender his license to practice law in the Commonwealth of Kentucky is granted. It is further ordered that:

1. Hubbard shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Hubbard shall not file an application for reinstatement for a period of five years next succeeding the date of entry of this order.

3. Any application for reinstatement shall be governed by SCR 3.520, the rule providing for reinstatement in case of disbarment, or any subsequent amendment or successor to that rule in effect at the time of the application for reinstatement.

4. Any disciplinary proceeding now pending against Hubbard shall be terminated and the costs thereof shall be paid by him in accordance with SCR 3.450(1) and SCR 3.480(3). The Kentucky Bar Association has certified that there are no costs associated with the proceedings to date.

5. Notwithstanding the provisions of paragraph 4 above, Hubbard shall be ineligible for reinstatement at the expiration of five years if there are then pending against him any unsatisfied claims due and owing to the Clients' Security Fund.

6. Pursuant to SCR 3.390, Hubbard is hereby ordered to provide notice to any clients he is currently representing of his inability to provide further legal services, to notify all courts in which he has matters pending of his resignation under terms of disbarment and to provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable.

All concur.

ENTERED: June 23, 1994.

/s/ Robert F. Stephens
Chief Justice